without responsibility for a prior production in violation of the standards of the Act. This narrow purpose is evidenced by limiting the exclusion to "the ultimate consumer * * * other than a producer, manufacturer, or processor thereof". Whether the carriers of the ice manufactured under sub-standard conditions in this case are also subject to the Act, raises a different question that is not before us. That would require us to decide whether the exception was intended to cover goods which are used or consumed in aid of transportation, and whether in any event a carrier who breaks up and handles the goods for shipment is a producer or processor of goods under the definition of the word "produced" in § 3(j) to mean "handled, or in any other manner worked on in any State". For decisions in similar cases see Fleming v. Atlantic Co., D.C., 40 F.Supp. 654, 662; Gordon v. Paducah Ice Mfg. Co., D.C., 41 F.Supp. 980, 986; Fleming v. Hitchcock, D.C., 38 F.Supp. 358; contra, Chapman v. Home Ice Co., D.C., 43 F.Supp. 424.

The judgment of the District court is affirmed.

Ralph Vince, of Cleveland, Ohio, for appellant.

F. B. Kavanagh, of Cleveland, Ohio, and Frank H. Wiedemann, of Marion, Ohio, for appellee.

Before ALLEN, HAMILTON and McALLISTER, Circuit Judges.

PER CURIAM

This case came on to be heard upon the record and briefs and argument of counsel; and it appearing that the appellant made statements which were willfully false in his application for a certificate of naturalization, and that no material error was committed by the District Court in the admission of evidence; and no reversible error appearing upon the record:

It is ordered that the judgment cancelling the naturalization certificate issued to the appellant on January 16, 1931, be and it hereby is in all things affirmed.

---

### RUSSO v. UNITED STATES.

No. 8741.

Circuit Court of Appeals, Sixth Circuit.

Jan. 8, 1942.

### AETNA LIFE INS. CO. v. NEWBERN.

No. 12126.

Circuit Court of Appeals, Eighth Circuit.

April 20, 1942.

